IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDDIE EUGENE BREWER, TDCJ #723891, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-3686 |
| BETTY J. WILLIAMS, *et al.*, | § § § | |
| Defendants. | § | |

# MEMORANDUM AND ORDER

State inmate Eddie Eugene Brewer (TDCJ #723891) has filed a civil rights complaint under 42 U.S.C. § 1983, challenging the conditions of his confinement in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). At the Court's request, Brewer has also filed a more definite statement of his claims [Doc. # 26]. Because Brewer is a prisoner proceeding *in forma pauperis*, the Court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize the pleadings and dismiss the case if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be dismissed for reasons set forth below.

I.  **BACKGROUND**

Brewer sues the following health care providers employed by TDCJ at the Ellis Unit in Huntsville, where Brewer was confined at the time he filed his complaint: (1) Dr. Betty J. Williams; (2) P.A. Toni L. Deer; (3) N.P. Vivian N. Elege; (4) Practice Manager B. Davis; and (5) R.N. Paula Reed, who reportedly serves as a "Health Services Monitor."[1] In addition to these health care providers, Brewer sues Assistant Warden Keith Gorsuch and Officer Jones.[2]

Brewer takes issue with his classification and placement in the Ellis Unit, where he was first assigned in January 2015.[3] Brewer explains that he has "bad knees" as the result of a fall in 2002.[4] Due to chronic knee pain and back issues, Brewer has great difficulty navigating stairs.[5] Brewer notes that the law library at the Ellis Unit is located up "two flights of stairs" on the second floor of the facility.[6] Brewer claims that the stairs impose an impediment to accessing the law library that has frustrated his ability to work on a probate dispute with his brother and has denied him access to

---

[1] Complaint [Doc. # 1], at 4.

[2] *Id.* at 5.

[3] More Definite Statement [Doc. # 26], at 2.

[4] Complaint [Doc. # 1], at 6.

[5] *Id.*

[6] *Id.* at 7.

the courts as a result.[7] Brewer blames the health care providers for failing to impose a "no climbing" restriction on his classification so that he could be re-assigned to a unit with a law library on the first floor.[8]

Brewer also claims that Dr. Williams improperly cleared him to perform work on a "field squad" on September 29, 2015, despite his knee problems and other medical issues.[9] When Brewer turned out for work on October 21, 2015, he complained to Officer Jones that he could not perform the work was assigned to do, which involved chopping down tall grass a hoe.[10] Brewer claims that Officer Jones and Assistant Warden Gorsuch, who were supervising the field squad that day, threatened him with a disciplinary case if he did not "keep up" and perform this work as directed.[11]

---

[7] More Definite Statement [Doc. # 26], at 6-8.

[8] *Id.* at 6.

[9] Complaint [Doc. # 1], at 7.

[10] More Definite Statement [Doc. # 26], at 3, 12.

[11] *Id*.

Alleging that he was denied access to courts and forced to perform work that exceeded his physical ability, Brewer seeks monetary damages under 42 U.S.C. § 1983 for the violation of his constitutional rights.[12]

## II. DISCUSSION

### A. Access to Courts

Brewer contends that he was denied access to the courts because, unable to access the law library, he could not work on a probate matter. The Supreme Court held in *Bounds v. Smith*, 430 U.S. 817, 821 (1977), that prisoners have a constitutional right to access the courts. The Supreme Court later clarified, however, that "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, access to a prison law library is only a means for assuring "a reasonably adequate opportunity [for an inmate] to file nonfrivolous legal claims challenging . . . convictions or conditions of confinement." *Id.* at 356; *see also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (observing that a prisoner's right to access the courts encompasses only a reasonably adequate

---

[12] Complaint [Doc. # 1], at 6. Brewer also seeks injunctive relief in the form of a unit transfer. *See id*. Because Brewer was transferred to the McConnell Unit in January 2017 [Doc. # 26, at 1], his request for injunctive relief is moot. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002).

opportunity to file nonfrivolous legal claims challenging his conviction or conditions of confinement).

Brewer's probate dispute did not involve an attack on his conviction or the conditions of his confinement. As a result, this is not the kind of claim for which the Constitution requires a prison system to provide legal resources. *See Lewis*, 518 U.S. at 355; *see also Terry v. Hubert*, 609 F.3d 757, 761 (5th Cir. 2010); *Loden v. Hayes*, 208 F. App'x 356, 359 (5th Cir. 2006). Therefore, Brewer's access-to-courts claim must be dismissed as frivolous because it "rests on an indisputably meritless legal theory." *Gardner v. Defriend*, 699 F. App'x 364, 365 (5th Cir. 2017) (per curiam) (citing *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994)).

**B.     Work Assignment**

Brewer complains further that he was assigned to a field squad and forced to perform work that exceeded his physical capacity. "[P]rison work requirements which compel inmates to perform physical labor [that] is beyond their strength, endangers their lives, or causes undue pain constitutes cruel and unusual punishment." *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983) (citing *Ray v. Mabry*, 556 F.2d 881, 882 (8th Cir. 1977)). To demonstrate an Eighth Amendment violation in this context, a prisoner must show that a prison official knowingly assigned him to perform work that would "significantly aggravate" a serious medical condition with deliberate

5

indifference to his serious medical needs. *See Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989).

To establish deliberate indifference, a prisoner must demonstrate that (1) the defendant was aware of facts from which he or she could deduce that the inmate's health was at risk and (2) that the defendant actually drew an inference that the potential for harm existed. *See Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). By requiring him to perform work that he was medically cleared by Dr. Williams to do, Brewer does not show that Officer Jones or Assistant Warden Gorsuch knowingly assigned him work that exceeded his physical ability with the requisite deliberate indifference to his medical needs. Therefore, Brewer fails to state a claim against these defendants.

Likewise, Brewer does not show that, by clearing him to work on the field squad, Dr. Williams's classification decision resulted in a constitutional violation. Brewer concedes that he worked a five-hour shift on the first day he was assigned to the field squad on October 21, 2015, and that he was promptly removed from that job after he complained.[13] He was subsequently re-assigned by prison officials to work on an "inside medical squad."[14] Brewer, who worked only one day on the field squad,

---

[13] More Definite Statement [Doc. # 26], at 4, 10.

[14] *Id.* at 6.

does not allege that the assigned work significantly aggravated a physical ailment. Under these circumstances, Brewer fails to state a claim upon which relief may be granted and his complaint will be dismissed.

## III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The complaint filed by Eddie Eugene Brewer (TDCJ #723891) is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim.

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this order to the plaintiff and to the Manager of the Three Strikes List for the Southern District of Texas.**

SIGNED at Houston, Texas, on February 13, 2018.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE